**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES STAUFFER, JR.,

      Petitioner - Appellant,

v.

HASKALL HIGGINS, Warden,

      Respondent - Appellee.

No. 10-5106
(D.C. No. 4:07-CV-00206-TCK-TLW)
(N.D. Oklahoma)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Charles Stauffer Jr. (Defendant), an Oklahoma state prisoner, seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 application for habeas relief. *See* 28 U.S.C. § 2253(c)(2) (requiring COA to appeal denial of application). Because Mr. Stauffer has failed to make a substantial showing of the denial of a constitutional right, we deny his request for a COA and dismiss the appeal.

## I. BACKGROUND

Defendant pleaded guilty to two counts of lewd molestation in Oklahoma state court. The victim was his daughter while she was under the age of 16. Attorney Mark D. Matheson represented Defendant through three days of jury

trial, during which the jury heard the testimony of the victim, her brother, and her mother. After consultation with Defendant, Matheson negotiated a plea agreement during the trial, and Defendant pleaded guilty on October 28, 2005. On December 14 the trial court sentenced him in accordance with the agreement to 20 years' imprisonment with 10 years' suspended.

On December 22 Defendant moved to withdraw his plea on the ground that it was not knowing or voluntary because Matheson had provided ineffective assistance of counsel. He contended that Matheson had failed to prepare adequately for trial in that Matheson (1) did not review records of a previous investigation by the Department of Human Services (DHS) of molestation allegations; (2) did not sufficiently discuss trial strategy with Defendant; and (3) failed to advise him of an Oklahoma requirement that he serve 85% of his sentence before being eligible for parole. The trial court held a hearing at which both Matheson and Defendant testified. It denied Defendant's motion, holding that his plea was freely and knowingly given and that Defendant failed to show that Matheson had provided ineffective assistance.

Defendant filed with the Oklahoma Court of Criminal Appeals (OCCA) a petition for certiorari, which the OCCA denied. The court held that Matheson had not performed ineffectively and that Defendant had not shown prejudice from any alleged defect in Matheson's performance. It said that no prejudice had arisen

from Matheson's failure to request the DHS records, because there was no guarantee that the DHS would have released the records to Matheson and because the record did not suggest that the witnesses' DHS interviews were inconsistent with their trial testimony. It also noted that Matheson had testified that he had informed Defendant of the 85% requirement and that Defendant himself had testified that he understood that he could "continue with trial or take 'the ten and walk away with just eight and a half.'" Supp. R., Vol. 1 pt. 1 at 18 n.3.

Defendant then filed an application under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma, raising the single claim that his guilty plea was not entered knowingly or voluntarily because he received ineffective assistance of counsel. The court denied the application.

## II. DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must

show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather,

-4-

that application must have been unreasonable. Because Defendant's claim was adjudicated on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

On appeal Defendant argues that Matheson's representation was constitutionally ineffective because (1) he did not adequately prepare the case and (2) he did not advise Defendant of Oklahoma's requirement that he serve 85% of his sentence before being eligible for parole. To establish that his counsel was ineffective, Defendant must show both "that counsel's representation fell below an objective standard of reasonableness" and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697.

With regard to Defendant's first ineffectiveness argument, he contends that Matheson (1) failed to obtain the records of the DHS investigation and any videotaped police interviews with trial witnesses and (2) failed to contact potential defense witnesses, including other children living in Defendant's home

and character witnesses. We need not determine whether Matheson's performance was defective, however, because it was reasonable for the OCCA to determine that Defendant had not shown prejudice. Nothing in the record indicates that the witnesses' statements to the DHS or to the police were inconsistent with trial testimony; nor has Defendant presented any other unpursued evidence that would have called the testimony of these trial witnesses into question.

Defendant's second argument is that Matheson failed to inform him that he would be required to serve 85% of his sentence before becoming eligible for parole. But he was not prejudiced by any failure to be so-informed unless he would have refused to plead guilty had he been informed, *see Hill v. Lockhart*, 474 U.S. 52, 60 (1985); and Defendant has not asserted that he would have insisted on continuing with the trial had Matheson informed him of his parole eligibility date. Nor does the record show "special circumstances that might support the conclusion that [Defendant] placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty." *Id.*

## III. CONCLUSION

We DENY the application for a COA and dismiss the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge